<u>AFFIDAVIT</u>

I, Robert Jacobsen, Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives, being duly sworn, state as follows:

1.   I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since November, 2017. I received 15 weeks of Criminal Investigator training at the Federal Law Enforcement Training Center and 17 weeks of ATF Special Agent training at the ATF National Academy. I was trained in Federal criminal law, firearms, and criminal investigation techniques.

2.   I personally participated in the investigation of **XAVIER NILES-CHARLES ("NILES-CHARLES").** I am familiar with the facts and circumstances of this investigation based upon: (a) my personal knowledge and involvement in the investigation; (b) my discussions with fellow agents and state/local law enforcement personnel who assisted in the investigation; (c) interviews of witnesses; (d) my review of reports; and (e) my experience and training as a criminal investigator.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for the requested criminal complaint, I have not set forth every fact learned during the course of the investigation.

3.   Based on my training and experience, I am aware that

1

Title 18, United States Code, Section 922(n) makes it a federal offense for any individual who is under indictment for a crime punishable by imprisonment for a term exceeding one year to receive any firearm that has been shipped or transported in interstate commerce.

4.    Based on my training and experience, I am aware that Title 18, United States Code, Section 924(c) makes it a federal offense for any individual to possess a firearm in furtherance of a drug trafficking crime.

5.    As set forth below, there is probable cause to believe that **NILES-CHARLES** (1) received a firearm while under indictment in violation of Title 18, United States Code, Section 922(n), and (2) possessed a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

6.    I have reviewed **NILES-CHARLES's** criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that **NILES-CHARLES** is currently under indictment, out of Suffolk Superior Court, on charges of Attempted Assault and Battery with a Firearm, Possession of a Firearm without a Permit, Possession of Ammunition without a Firearm Identification Card, and Carrying a Loaded Firearm without a License, and has been so since July 18, 2019. I have

2

confirmed with Suffolk Superior Court's Clerk's Office that **NILES-CHARLES'** original charges were dismissed in Roxbury District Court, and he was then indicted in Suffolk Superior Court on June 18, 2019. I have determined that these are all crimes punishable under Massachusetts law by imprisonment for more than one (1) year and therefore preclude **NILES-CHARLES,** while under indictment, from receiving any firearm or ammunition that has been shipped or transported in interstate commerce.

7.    On September 25, 2019, ATF agents and local law enforcement officers executed a federal search warrant at 8 Humboldt Court, Boston, Massachusetts – the residence of **NILES-CHARLES**. Agents/officers encountered four individuals, including **NILES-CHARLES**, on the second floor.

8.    Inside of **NILES-CHARLES'** bedroom (which he shares with girlfriend Courtney Epps), agents/officers found two firearms: a Glock, Model 42, .380 caliber pistol, with serial number ACEY863; and a RG Industries, Model RG14, .22 caliber revolver, with serial number L512856. The Glock pistol was found on the floor of the bedroom's closet and the RG revolver was located inside of a clothes hamper inside of the same closet. The revolver was loaded with six rounds of .22 caliber ammunition. Located with the revolver, inside of the hamper, was a Glock magazine, containing six rounds of .380 caliber ammunition.

3

Agents/officers also identified a black safe inside of the closet. Among other items, the safe contained a sock filled with 21 rounds of .380 caliber ammunition, a bag containing 16 rounds of .22 caliber ammunition, and a traffic summons citing **NILES-CHARLES** as the driver with his address listed as 8 Humboldt Court.

9.  Also inside of the closet, agents/officers located and seized a clear plastic bag containing a white rock-like substance consistent with crack-cocaine. During a continued search of the bedroom, agents/officers located and seized drug paraphernalia indicative of the distribution of narcotics, including plastic bags, baking soda, and a measuring cup. Additionally, agents/officers located two mason jars containing marijuana.

10.  I conducted a stolen gun check on the seized firearms. I found that the Glock, Model 42, .380 caliber pistol, with serial number ACEY863, was reported stolen out of Waterville, Maine, on July 13, 2019. As previously mentioned, **NILES-CHARLES** was indicted in Suffolk Superior Court on June 18, 2019.

11.  I inspected both firearms, and based upon my training and experience, believe them to be firearms as articulated under federal law, and manufactured outside of Massachusetts, meaning that each firearm had traveled across state lines or

international boundaries prior to being seized in Boston, Massachusetts on September 25, 2019.

12.   Based on the foregoing, I submit that there is probable cause to believe that, on or about September 25, 2019, **XAVIER NILES-CHARLES,** was under indictment for a crime punishable by imprisonment for a term exceeding one year and received a firearm that had been shipped or transported in interstate commerce, and possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 922(n), and Section 924(c).

ROBERT JACOBSEN
SPECIAL AGENT, ATF

Sworn and subscribed to before me this 11th day of December, 2019.

HON. JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS